# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Lance W. Peterson, | Civil No. 09-CV-885 (JRT/SRN) |
| **Plaintiff,** | **REPORT & RECOMMENDATION** |
| v. | |
| Comcast Cable, Dorsey & Whitney, LLP,<br>Karly Baraga, National Arbitration Form,<br>Elliot A. Herland, Esq., and<br>Brock Peterson, | |
| **Defendant**s. | |

Lance W. Peterson, 1000 Edgerton #711, St. Paul, Minnesota 55130, Pro Se

Julie L. Boehmke, Gray, Plant, Mooty, Mooty & Bennett, PA, 80 S. 8th St., Suite 500, Minneapolis, Minnesota 55402, for Defendant Comcast Cable

Perry M. Wilson, III, Dorsey & Whitney, LLP, 50 S. 6th St., Suite 1500, Minneapolis, Minnesota 55402, for Defendants Dorsey & Whitney, LLP and Karly Baraga

SUSAN RICHARD NELSON, United States Magistrate Judge

This case is before the Court on the Motion to Dismiss filed by Defendants Dorsey & Whitney, LLP ("Dorsey") and Karly Baraga (Doc. No. 7) and the Motion to Dismiss filed by Defendant Comcast Cable ("Comcast") (Doc. No. 16). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). (See Order of 8/12/09, Doc. No. 21.) For the reasons set forth herein, the Court recommends that Defendants' Motions to Dismiss be granted.

**I.    FACTUAL HISTORY**

Plaintiff Lance W. Peterson receives residential cable television services from Defendant

Comcast in a public housing high-rise.  Plaintiff contends that he signed up for Comcast cable

services, including the "On Demand" feature.  He also understood that he qualified for a senior

citizen discount.  (Complaint at p. 2.)  Plaintiff alleges that Comcast failed to "deliver on what

[he] was paying for," namely, the "On Demand" feature and the senior citizen discount.  To

resolve his dispute, Plaintiff submitted to arbitration proceedings, but alleges that his concerns

were disregarded and ignored and that his arbitration complaint was dismissed.  (Id.)

Plaintiff alleges that shortly after the residents in his building received a notice that a

digital filter was being removed, he went to the Comcast office to reapply for cable with the "On

Demand" feature.  (Id. at p. 3.)  At that time, Plaintiff alleges he was assured by the person

setting up his account that he would receive the "On Demand" service for which he was paying.

However, upon returning to his apartment, the "On Demand" service was not functioning.

Plaintiff contends that Comcast's business ethics are unprincipled and that the binding

arbitration procedure was fraught with collusion, fraud and conspiracy, in violation of the

Minnesota Consumer Fraud Act, Minnesota False Advertising Act, Minnesota Uniform

Deceptive Trade Practice Act, the Sherman Act and RICO.  (Id.)

Mr. Peterson filed this suit on April 17, 2009 against Defendants Comcast, Dorsey and

Baraga, and National Arbitration Form, Elliot Herland and Brock Peterson.[1]  Plaintiff seeks

relief in the form of an order directing Defendants to cease and desist their practices, re-wire

---

[1] Plaintiff presumably meant to name the National Arbitration Forum as a defendant, however, the Court uses the spelling found in the original case caption and party name as filed, as none of the parties have attempted to correct it.

Plaintiff's building, provide free cable to the residents and award Plaintiff damages in the amount of $15,000,000. (Id.)

Defendants Dorsey & Whitney, LLP and Karly Baraga move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Citing Federal Rule of Civil Procedure 8(a), Dorsey and Baraga argue that Plaintiff's Complaint fails to state this Court's jurisdictional grounds over the matter and makes no mention of Defendants Dorsey and Baraga in the text of the Complaint.

Defendant Comcast moves to dismiss pursuant to Rule 12(b)(1), (5) and (6) of the Federal Rules of Civil Procedure and the principles of res judicata. Comcast argues that Plaintiff's claims against it are governed by a binding arbitration provision. In addition, Comcast argues that Plaintiff did not serve the summons and complaint upon an officer, manager or agent of Comcast. Finally, to the extent that Plaintiff's claims have already been adjudicated through arbitration, Comcast argues that Plaintiff's claims are barred by res judicata.

## II.    DISCUSSION

In considering a Rule 12(b)(6) motion to dismiss, "we must assume that all the facts alleged in the complaint are true" and generally construe the complaint in the light most favorable to the plaintiff. E.g., Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). "The complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal," DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002), and must contain enough facts to state a claim for relief "that is plausible on its face." Ashcroft v. Iqbal, __ U.S. __ (2009); 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se complaints, "however

inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by

lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "a district court should not assume the

role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include

claims that were never presented," Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999)

(quotations omitted), cited with approval in Palmer v. Clarke, 408 F.3d 423, 444 n.15 (8th Cir.

2005).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief

must contain:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction, unless the court already had jurisdiction and the claim
> needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is
> entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the
> alternative or different types of relief.

Fed. R. Civ. P. 8 (a).

Plaintiff's Complaint is devoid of a statement setting forth the grounds for this Court's

jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction.

The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must

be neither disregarded nor evaded." Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365

at 374 (1978). Not only does the Complaint fail to state the jurisdictional grounds, the Court

finds nothing in the facts of the Complaint demonstrating that this matter is properly in federal

court. To the contrary, it appears that, at a minimum, there is no diversity of citizenship between

Plaintiff, who resides in Minnesota, and Defendants Dorsey and Baraga, who are likewise

citizens of Minnesota. In addition to the lack of a jurisdictional statement, the Complaint fails to

even mention Defendants Dorsey and Baraga by name.  The Complaint thus fails to comply with

the requirements of Federal Rule of Civil Procedure 8 and likewise fails to state a claim for

which relief can be granted under Rule 12(b)(6).

As to Defendant Comcast, the Complaint is likewise defective on jurisdictional grounds

and fails to state a claim under Rule 12(b)(6).  Moreover, even if the Court viewed the

Complaint as a motion to quash the arbitrator's decision, Plaintiff has set forth no facts that meet

the standard to vacate.  The Federal Arbitration Act prescribes limited grounds on which an

award may be vacated, such as where the award was "obtained by corruption, fraud or undue

means; where there is evident partiality or corruption in the arbitrators; where there was

misconduct by the arbitrators; or where the arbitrators exceeded their powers."  Gas Aggregation

Services, Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1065 (8th Cir. 2003) (quoting 9

U.S.C. § 10(a)(1)(2)).  In addition, "Minnesota law favors arbitration awards and by statute

severely limits the grounds upon which a reviewing court may vacate an award."  Mandich v.

Watters,  970 F.2d 462, 466 (8th Cir. 1992).  While Plaintiff has alleged that the arbitration

procedure involved "collusion, fraud and conspiracy," he provides no factual support for this

bare allegation.

Even if he had alleged such facts, pursuant to 9 U.S.C. § 12, notice of a motion to vacate,

modify, or correct an arbitration award must be served upon the adverse party or his attorney

within three months after the award is filed or delivered.   Piccolo v. Dain, Kalman & Quail, Inc.,

641 F.2d 598, 600 (8th Cir. 1981).  The Order dismissing Plaintiff's arbitration claims was

entered by Arbitrator Elliot A. Herland on December 12, 2008.  (Ex. C to Comcast's Mem.

Supp. Mot. Dismiss.)  Accordingly, the three-month period during which time Plaintiff could

have challenged the decision has passed.

In addition, it appears that Plaintiff did not properly serve the Summons and Complaint upon Defendant Comcast. The affidavit of service reflects that Plaintiff served the Summons on "Payment Center." (Proof of Service, Comcast Cable, Doc. No. 12.) Neither the name nor title of the person served is indicated. Federal Rule of Civil Procedure 4(h) provides that a corporation must be served by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h). Plaintiff therefore failed to properly serve Defendant Comcast and the Complaint should be dismissed for this reason also.

Finally, as to the remaining Defendants, National Arbitration Form, Elliot A. Herland and Brock Peterson, Plaintiff likewise has failed to allege jurisdiction and the citizenship of these parties; moreover, none of the allegations in the Complaint refer to these Defendants by name. "Even in the absence of a challenge from any party, courts have an independent obligation to determine whether subject matter jurisdiction exists." Sac & Fox Tribe of the Miss. in Iowa, Election Bd. v. Bureau of Indian Affairs, 439 F.3d 832, 836 (8th Cir.2006). Where subject matter jurisdiction does not exist, a federal court may not decide legal or factual questions before dismissing or remanding a case. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007); Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 764 (8th Cir.2001).

While Plaintiff did not formally move to amend to dismiss these Defendants from the action, in connection with filing his Response in Opposition to Comcast's Motion to Dismiss, Plaintiff filed an Amended Complaint in which he clearly expressed the intention to dismiss them from this action. Plaintiff crossed out the names of National Arbitration Form, Elliot A.

Herland and Brock Peterson with an "x" and wrote, "I am removing the x's [sic] Defendants in this matter. However, I reserve the right to subpoena to appear and testify or subpoena to produce documents and inspection of premises." (Am. Complaint, Doc. No. 23-1.) Therefore, it appears that Plaintiff himself wished to dismiss Defendants National Arbitration Form, Elliot A. Herland and Brock Peterson from the case. The Court also concludes that it has no jurisdiction over them and recommends that claims against these Defendants be dismissed.

In conclusion, the Court acknowledges that Plaintiff has been frustrated by his attempts to resolve his dispute and acknowledges his belief that he has been poorly treated by the parties. By recommending the dismissal of Plaintiff's case, the Court in no way means to suggest or to convey any disrespect toward Mr. Peterson.

Based on information provided by Defendant Comcast at the hearing, it appears that some public housing buildings were not wired initially to receive services such as "On Demand." Defendant Comcast contends that it has been ready to rewire Plaintiff's building, but the Public Housing Authority has identified a problem with asbestos in the building that may impede the cable rewiring. Mr. Peterson might better achieve resolution of the problem, or at least obtain more information about the status of the possible rewiring, by contacting the Public Housing Authority. As to his claims of unfair billing, Defendant Comcast maintains that it offers a limited basic cable package for which Plaintiff would not be billed for "On Demand" services that he is not receiving. Counsel for Comcast was unaware of whether a senior citizen discount might apply, but Plaintiff might consider the limited basic cable package as another way to satisfactorily resolve his cable problem.

**THEREFORE, IT IS HEREBY RECOMMENDED THAT:**

1.  This action be **DISMISSED WITH PREJUDICE**;

2.  The Motion to Dismiss filed by Defendants Dorsey & Whitney, LLP and Karly

    Baraga (Doc. No. 7) be **GRANTED**; and

3.  The Motion to Dismiss filed by Defendant Comcast Cable (Doc. No. 16) be

    **GRANTED**.


Dated:    November 9, 2009

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing
with the Clerk of Court and serving all parties by **November 24, 2009**, a writing which
specifically identifies those portions of this Report to which objections are made and the basis of
those objections.  Failure to comply with this procedure may operate as a forfeiture of the
objecting party's right to seek review in the Court of Appeals.  This Report and
Recommendation does not constitute an order or judgment of the District Court, and it is
therefore not appealable to the Court of Appeals.